**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE WALKER,

      Petitioner-Appellant,

v.

STEVE HARGETT, Warden,,

      Respondent-Appellee.

No. 99-5177
(D.C. No. 98-CV-588-K)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **LUCERO**, Circuit Judges.

On January 11, 1996, Petitioner-Appellant Lawrence Walker ("Walker")

plead guilty to two counts assault and battery upon a police officer in Tulsa

County District Court, Case No. CF-95-2977.  (See Doc. 10, Exh. A.)  Walker did

not pursue a direct appeal of his conviction.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

On January 16, 1998, Walker filed an application for post-conviction in Tulsa County District Court, arguing, in relevant part, that he had been denied his constitutional right to direct appeal. (See id., Exh. B.) The district court denied the application on April 6, 1998. (See id., Exh. A.) Walker filed a timely appeal to the Oklahoma Court of Criminal Appeals, and that court affirmed the district court order denying post-conviction relief on June 29, 1998. (See id., Exh. C.)

Walker filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 in the federal district court for the Northern District of Oklahoma on August 7, 1998, seeking relief on the ground that he had been denied his right of direct appeal. (See Doc. 1.) Because Walker filed his federal habeas petition after April 24, 1996, his petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). See Hooks v. Ward, 184 F.3d 1206, 1213 (10th Cir. 1999). The district court dismissed Walker's petition on the ground that it was filed outside of the one-year period of limitations set forth in 28 U.S.C. § 2244(d) and denied Walker a certificate of appealability ("COA"). (See Doc. 14, 17.)

Walker argues before this court that because the state trial court failed to inform him that he had a right of direct appeal at the time of his conviction, his state conviction did not become final for purposes of § 2244(d) until the date he discovered that he had a right to a direct appeal. (See Pet. Br.) Walker asserts

that his petition for federal habeas relief is thereby rendered timely. (See id.) We find this argument to be without merit. We further conclude that Walker's petition was filed outside the one-year period of limitations for substantially the same reasons set forth in the order of the district court dismissing Walker's habeas petition. (See Doc. 14.) Because Walker has failed to make a "substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), we deny COA.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge